IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KIMBERLY DAWN WILLIAMS                                          PLAINTIFF

v.                        CIVIL NO. 2:18-CV-2149

ANDREW M. SAUL, [1] Commissioner,
Social Security Administration                                  DEFENDANT

# MEMORANDUM OPINION

Plaintiff, Kimberly Dawn Williams, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on February 18, 2015, alleging an inability to work since November 14, 2014, due to problems with her knees, high blood pressure, migraine headaches, arthritis, back pain, anxiety, depression, obesity, joint inflammation and pain, bilateral carpal tunnel syndrome, and learning disabilities. (Tr. 157-158, 172). For DIB purposes, Plaintiff maintained insured status through December 31, 2019.

---

[1] Andrew M. Saul, has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

(Tr. 158, 172). An administrative hearing was held on June 20, 2016, at which Plaintiff appeared and testified. (Tr. 122-143). Larry Seifert, vocational expert (VE), was also present testified. (Tr. 144-147).

By written decision dated February 17, 2017, the ALJ found that during the relevant time period, Plaintiff had severe impairments of status post bilateral knee replacement; degenerative disc disease; hypertension; obesity; affective disorder; and anxiety. (Tr. 100). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 100). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a), except that she could occasionally climb, balance, crawl, kneel, stoop, and crouch; occasionally reach overhead with the right dominant upper extremity; was limited to simple, routine, repetitive tasks in a setting where interpersonal contact is incidental to work performed; and could respond to supervision that was simple, direct, and concrete. (Tr. 103-108). With the help of a vocational expert (VE), the ALJ determined that while Plaintiff was unable to perform her past relevant work as a child care attendant, there were other jobs that existed in the national economy that Plaintiff could perform, such as radio dispatcher, assembler of small products, and office helper. (Tr. 109). The ALJ concluded that the Plaintiff had not been under a disability, as defined in the Social Security Act, from November 14, 2014, through the date of the decision. (Tr. 109).

Plaintiff then requested a review of the hearing decision by the Appeals Council, and that request was granted. (Tr. 148-149). Prior to the Appeals Council issuing an opinion, Plaintiff submitted additional evidence that was reviewed by the Appeals Council prior to its

decision. (Tr. 4). Upon review, the Appeals Council issued a written opinion on August 16, 2018, in which it adopted the ALJ's findings under steps 1, 2, 3 and 4. (Tr. 5). At step 5, however, the Appeals Council determined that the record did not support that Plaintiff, with her particular RFC, would be able to perform the positions of radio dispatcher, assembler of small products, or office helper, in that the Dictionary of Occupational Titles indicated that the radio dispatcher position was semi-skilled work, and the assembler of small products and the office helper positions required light exertion, all of which exceed Plaintiff's RFC of a limited range of sedentary work, including that Plaintiff was limited to simple, routine, and repetitive tasks. (Tr. 5). However, the record indicated that, in response to written interrogatories, the VE indicated that a hypothetical individual with Plaintiff's RFC could perform representative occupations such as a document preparation clerk, a semiconductor bonder, and a compact assembler. (Tr. 5-6, 356-358). Therefore, the Appeals Council determined that as that hypothetical matched Plaintiff's RFC, and the VE was able to identify positions existing in significant numbers in the national economy that Plaintiff would be able to perform, a finding of not disabled was warranted. (Tr. 6).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314

3

F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 26th day of August, 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE